Territorial Law Library



FILED
SUPERIOR COURT
OF GUAM

2012 SEP -7 PM 4: 16

COURT

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| In the Matter of: | ) CASE NO. SP 0176-11 |
| | ) |
| GUAM MEMORIAL HOSPIAL | ) |
| AUTHORITY, | ) **DECISION AND ORDER re:** |
| Petitioner, | ) **PETITION FOR JUDICIAL REVIEW** |
| vs. | ) **and MOTION FOR SUMMARY** |
| | ) **JUDGMENT** |
| CIVIL SERVICE COMMISSION and | ) |
| MELANIE AGUON, | ) |
| | ) |
| Respondents. | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on June 11, 2012, on Melanie Aguon's Motion for Summary Judgment. Attorney William B. Pole represented Respondent, Melanie Aguon. Attorney Minakshi V. Hemlani represented Petitioner, Guam Memorial Hospital Authority ("GMHA"). Following a hearing the Court took the matter under advisement. The Court now issues its Decision and Order

## FACTUAL HISTORY

Melanie Aguon was formerly employed by GMHA as an Emergency Room Technician. On August 4, 2010, Aguon attended to an elderly patient awaiting admission. The patient was experiencing abdominal pain and frequent diarrhea. Aguon, without approval from an assigned nurse or doctor, inserted a Foley catheter into the patient's rectum. Foley catheters are not approved for use in the rectum under either GMHA policy or any nationally recognized standards for use of medical equipment. Adverse Action Appeal Case No. 10-AA13T, p. 2 (Decision and Judgment, Sep. 13, 2011) Upon learning of Aguon's unapproved treatment of the patient, the assigned nurse immediately ordered Aguon to remove the catheter.

GMHA instituted adverse action proceedings against Aguon, and upon finding that Aguon had performed unauthorized acts outside the scope of her duties, GMHA fired Aguon. Aguon appealed to the Civil Service Commission ("CSC") arguing that termination of her employment was too harsh a remedy. The CSC issued a final Decision and Judgment in which it modified the adverse action from termination to suspension for a period of thirty days. GMHA then filed a Petition for Judicial Review requesting that the court vacate the CSC's judgment and uphold the termination of Aguon's employment.

## DISCUSSION

### A. Jurisdiction:

This Court has jurisdiction to consider a petition for judicial review under 7 GCA § 3105, 4 GCA § 4406, and 7 GCA § 31102.

### B. Motion for Summary Judgment

Respondent filed a response to the Petition for Judicial Review on October 31, 2011. Then, Petitioner filed a Motion for Summary Judgment on December 2, 2011, claiming that this matter is ripe for summary judgment. Petitioner argues that motions for summary judgment are procedurally inappropriate because there is no discovery or fact finding under a Petition for Judicial Review. This Court agrees with Petitioner. Rule 56(c) of the Guam Rules of Civil Procedure allows a court to grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving is entitled to judgment as a matter of law." GRCP 56(c). However, as Petitioner notes, on a petition for judicial review there are no depositions, interrogatories or other methods of discovery and/or fact finding. A court's duty under such a petition is simply to review the agency's decision. As such, this Court declines to rule on Respondent's motion for summary judgment and, instead, will simply render its decision on the Petition.

*C. The Petition for Judicial Review*

As a threshold matter, this Court briefly discusses the scope of its review authority under a petition for judicial review of a final decision by the CSC. Most decisions by a government agency are subject to Guam's Administrative Adjudication Law ("AAL"), which allows for the court to review an agency decision to determine whether it was in accordance with the law or supported by substantial evidence. 5 GUAM CODE ANN. § 9240 (2005). However, the Legislature enacted specific laws governing the CSC, which this Court has construed as requiring a different standard of review for CSC decisions than that available under the AAL. *See Aflague v. Guam Civil Serv. Comm'n*, Special Proceeding Case No. SP0152-09, *Decision and Order* (Aug. 2012). In *Aflague v. Guam Civil Serv. Comm'n*, this Court considered the what standard of review the court should apply on a petition for judicial review of a CSC decision. Upon recognizing that the CSC's enabling statute is silent as to the standard or scope of review available on a petition for judicial review, this Court concluded that the Legislature intended a different review process for CSC decisions than that provided by the AAL. *Id.* at 13-15. Utilizing its authority under title 7, section 7117 of the Guam Code to adopt any procedures necessary to allow for the exercise jurisdiction, this Court determined that the process and standard of review applicable to the writ of review, title 7, section 31101 et seq. of the Guam Code shall apply to a petition for judicial review. *Id.* at 15; *see also Rosario v. Civil Serv. Comm'n*, Special Proceeding Case No. SP0148-11, *Decision and Order* (J. Barcinas, Mar. 21, 2012) (concluding that the process governing the writ of review should apply to a petition for judicial review of a decision by the CSC); *Robinson v. Civil Serv. Comm'n*, Special Proceeding Case No. SP0093-08, *Decision and Order*, p. 4 (J. Barrett-Anderson, Jan. 9, 2012) (same).

Title 7, sections 31102 and 31108 of the Guam Code govern the scope of review under the writ of review and therefore provide the standard of review applicable to the petition in this case. Section 31102 provides as follows:

**§ 31102. When and by What Courts Granted.**

A writ of review may be granted by any court, when an inferior tribunal, board, or officer, exercising judicial functions, has exceed [sic]

-3-

the jurisdiction of such tribunal, board, or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy, and adequate remedy.

7 Guam Code Ann. § 31102 (2005). And section 31108 provides:

**§ 31108. Extent of Review**

The review upon this writ cannot be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursed the authority of such tribunal, board, or officer.

7 GCA § 31108. Thus, in the present case this Court is limited to reviewing whether the CSC, the inferior tribunal, regularly pursued its authority in reaching its decision.

In this case, Petitioner highlights what it believes to be two points of error by the CSC: (1) that Petitioner met its burden under title 4, section 4407(a) of proving clearly and convincingly that its actions in terminating Respondent were correct and, therefore, the Commission could not modify the adverse action; and 2) even if the CSC had authority to Modify the adverse action the decision to modify the termination to a suspension is not supported by substantial evidence and must, therefore, be vacated. This Court construes these assertions of error as claims that the CSC exceeded its jurisdiction in modifying the adverse action. Upon review of the CSC's decision and the applicable laws and rules, it is clear that the CSC was, in fact, authorized to modify GMH's adverse action and did not, therefore, exceed its jurisdiction in so doing.

While it is true that under 4 GCA § 4407(a) the burden of proof is on Management to prove clearly and convincingly that its actions were correct, the CSC is not bound to accept Management's punishment even upon finding that Management met its burden in proving the charges. Title 4, section 4406 of the Guam Code provides in relevant part that after conducting the required hearing the "[t]he Commission or appropriate entity may sustain, *modify* or revoke the action taken." 4 GCA § 4406 (emphasis added). Moreover, the Civil Service Commission Rules of Procedure for Adverse Action Appeals ("CSC Rules of Procedure") provide:

Rule 11.7.3. <u>MODIFICATION OF ADVERSE ACTION</u>

> If Management proves the charges, but the CSC finds, that because of the Employee's past record or the gravity of the offense, or the facts and circumstances of the case, that the adverse action should be modified, it may modify the adverse action accordingly. The reasons for such modification shall be stated in the decision of the CSC. Any compensation or benefits due as a result of the modification shall be restored to the Employee. The CSC may not modify an adverse action to the Employee's detriment.

> In the event the CSC modifies the adverse action taken by Management, the CSC shall make a separate determination as to whether the Employee has prevailed for purposes of awarding attorney fees to the Employee.

CSC Rules of Procedure 11.7.3. Clearly, section 4406 and Rule 11.7.3 grant the CSC broad discretion to modify an adverse action even when Management meets its burden of proving the charges. Moreover, the applicable statutes and rules do not establish "substantial evidence" requirement prior to modification of an adverse action. Petitioner apparently adopts this requirement from the AAL—specifically, title 4, section 9240 of the Guam Code, which states that judicial review of an agency decision is available in order determine whether the decision is supported by substantial evidence. However, as briefly discussed above, this Court construes and applies the statutes governing the CSC separate from the AAL. Nowhere do the statutes and rules specifically governing the CSC impose a requirement that the CSC's decision to modify be supported by "substantial evidence." To the contrary, the laws governing the CSC grant the CSC broad discretion to modify an adverse based on the particular facts of the case.

This Court does agree, however, that there must be at least some evidence to support the CSC's decision to exercise its discretion. However, upon reviewing the transcript of the hearing before the CSC establishes, this Court finds that there was sufficient evidence to support the CSC's decision. Ms. Aguon testified that this incident represented her first infraction, and that Management had not reprimanded or suspended her; rather, Management chose the harshest sanction available when it summarily terminated her employment. (Cert. Trans. of the H. on Merits, Case No. 10-AA13t, pp. 73-74, 84 (filed Mar. 30, 2012)) The CSC found that Aguon had never been disciplined prior to the incident and the CSC made clear that it agreed with Aguon that the action of terminating Aguon's employment was too harsh given GMHA's failure to

"to utilize progressive discipline." (Aguon vs. Guam Memorial Hospital Authority, Adverse Action Appeal Case No. 10-AA13T, Decision and Judgment (Sep. 13, 2011).

This Court does not opine as to the advisability of the CSC's final judgment: it merely determines whether, in rending that judgment, the CSC exceeded its jurisdiction. In this instance, the CSC had broad discretion to modify the adverse action. It heard testimony regarding the harsh punishment imposed by GMHA and it appropriately exercised its discretion to modify the adverse action to the benefit of the employee. In so doing the CSC did not exceed its authority.

## CONCLUSION

Based on the foregoing, the relief requested by the Petitioner is hereby DENIED.

It is **SO ORDERED** this 7th day of September, 2012.

SEP 0 7 2012

_____

HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

SEP 0 7 2012

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

**ORIGINAL**